IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| PATRICK JONES, <br>     PLAINTIFF, <br><br> v. <br><br> SOUTHWEST RECOVERY SERVICES, INC., and <br> TRAVELERS CASUALTY AND SURETY COMPANY <br> OF AMERICA, <br>     DEFENDANTS | Case No. 4:16-cv-200 |

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (hereinafter referred to as "FDCPA"), and the Texas Finance Code § 392.001, *et seq* (hereinafter referred to as "TFC") by Southwest Recovery Services, Inc. ("Southwest").

### VENUE

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that Southwest transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

5. Plaintiff resides in this Judicial District.

1

## PARTIES

6. Plaintiff, Patrick Jones ("Plaintiff"), is an adult individual residing in Denton County, Texas.

7. Southwest is a Texas corporation operating in Dallas, Texas.

8. Southwest can be served via its registered agent, Gene F. Stevens, at 10000 N. Central Expwy., Suite 400, Dallas, TX 75231.

9. Travelers Casualty and Surety Company of America ("Travelers") is a foreign entity that can be served in the state of Texas via its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

10. Travelers is liable for acts committed by Southwest pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, bond number 7752241323TX, as well as any other applicable law.

## FACTUAL ALLEGATIONS

11. Sometime prior to the filing of this Complaint, Plaintiff allegedly incurred a financial obligation that was used primarily for personal, family or household purposes (hereinafter the "Account"). Specifically, the alleged account is an old debt on the rental of a television, which was used by Plaintiff for personal purposes.

12. The Account allegedly went into default with the original creditor prior to the filing of this Complaint.

13. Plaintiff is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

14. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

15. After the Account allegedly went into default, the Account was purchased by Whitewind LLC for the purpose of collecting on the Account.

16. Whitewind placed the account with Southwest to do the collection work on the Account.

17. According to the website for Southwest (www.swrecovery.com), Southwest "is a debt collection agency specialized in recovering consumer debts, corporate debts and court ordered judgements [sic.] on a local, national, and international scale."

18. On information and belief, the principal purpose of Southwest is the collection of debts using the mails and telephone and other means as illustrated by its website at www.swrecovery.com.

19. Southwest is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6), is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

20. Plaintiff disputes the amount Southwest attempted to collect on the account.

21. Plaintiff requests that Southwest cease all further communication on the Account.

22. During the one year prior to the filing of this Complaint, two separate employees ("Mr. Howell" and "Randy Mitchell") of Southwest left voicemail messages for Plaintiff in which neither employee provided meaningful disclosure of Southwest's identity.

23. During the one year prior to the filing of this Complaint, two separate employees of Southwest ("Mr. Howell" and "Randy Mitchell") left voicemail messages for Plaintiff in which neither employee informed plaintiff that the communication was from a debt

collector or that the call was an attempt to collect a debt or that any information obtained would be used for the purpose of debt collection.

24. Also in the one year prior to the filing of this Complaint, Plaintiff called back to Southwest at the number left by "Randy Mitchell" (817-945-8324) and spoke with Southwest regarding the Account.  In that call, Southwest told Plaintiff that an "attorney purchased your account and had it placed here for pre-collections" and that the attorney "does business under Whitewind LLC." Southwest also told plaintiff that if debtors "don't pay, [the attorney] files for any type of action he deems necessary."

25. Upon information and belief, Whitewind LLC is not an attorney and is not owned by an attorney, thus, an attorney did not purchase the Account and the "attorney" that will "[file] for any type of action he deems necessary" is a fiction.

26. Additionally, the account is not in "pre-collect" status as represented; it is in collection status as it has been purchased by a purchaser of delinquent debt and it has been forwarded to a debt collector for collection.

27. The representations by Southwest described above were false and misleading.

28.  The representations by Southwest described above were made for the purpose of making Plaintiff believe that Whitewind would sue Plaintiff on the Account.

29. The reason Southwest wanted Plaintiff to feel this way was to cause Plaintiff to pay Southwest on the Account.

30. Southwest knew that the information it communicated to Plaintiff was false.

31. Southwest knew that it was required to provide its corporate identity in all communications with Plaintiff.

32. Southwest knew that it was required to disclose its status as a debt collector in all communications with Plaintiff.

33. The purpose for the call and voicemails described above was to attempt to collect the Account.

34. The call and voicemails conveyed information regarding the Account directly or indirectly to Plaintiff.

35. The call and voicemails constituted "communication[s]" as defined by the FDCPA at 15 U.S.C. § 1692a(2).

36. The only reason that Southwest had conversations and/or left messages with Plaintiff was to attempt to collect the Account.

37. The statements and actions of Southwest constitutes illegal communication in connection with debt collection.

38. All of the conduct by Defendants and/or their employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully and purposefully.

39. As a direct and proximate result of the aforesaid actions, Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## RESPONDEAT SUPERIOR

40. The representative(s) and/or collector(s) at Southwest were employee(s) and/or agent(s) of Southwest at all times mentioned herein.

41. The representative(s) and/or collector(s) at Southwest were acting within the course and/or scope of their employment at all times mentioned herein.

42. The representative(s) and/or collector(s) at Southwest were under the direct supervision and/or control of Southwest at all times mentioned herein.

43. The actions of the representative(s) and/or collector(s) at Southwest are imputed to their employer, Southwest.

### COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY SOUTHWEST RECOVERY SERVICES, INC.

44. The previous paragraphs are incorporated into this Count as if set forth in full.

45. The act(s) and omission(s) of Southwest and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692d(6) and § 1692(e)(2)&(3)& (5)&(10)&(11).

46. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs.

### COUNT II:  VIOLATIONS OF THE TEXAS FINANCE CODE BY SOUTHWEST RECOVERY SERVICES, INC.

47. The previous paragraphs are incorporated into this Count as if set forth in full.

48. The act(s) and omission(s) of Southwest and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code §392.304a(5)&(8)&(14)&(17).

49. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks statutory damages, actual damages, injunctive relief, and reasonable attorney's fees and costs.

### COUNT III:  INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY SOUTHWEST RECOVERY SERVICES, INC.

50. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Southwest is liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion).   Southwest intentionally intruded on Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

51. Plaintiff suffered actual damages as a result of Southwest's intrusion in the way of fear, anxiety, stress, sleeplessness, mental anguish mild depression and/or distraction from normal life.

### COUNT IV:  UNREASONABLE COLLECTION EFFORTS BY SOUTHWEST RECOVERY SERVICES, INC.

52. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Southwest is liable to Plaintiff for its unreasonable collection efforts.

53. Plaintiff has a right to be free from unreasonable and wrongful collection and/or repossession efforts.  *See, e.g., Moore v. Savage*, 359 S.W.2d 95 (Tex. Civ. App. – Waco 1962, writ ref'd n.r.e).

54. Southwest's collection efforts were unreasonable and wrongful.

55. Southwest's unreasonable collection efforts proximately caused Plaintiff to suffer injury, including but not necessarily limited to fear, anxiety, stress, sleeplessness, mental anguish mild depression and/or distraction from normal life.

### COUNT V:  IMPUTED LIABILITY OF TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA FOR LIABILITY OF SOUTHWEST RECOVERY SERVICES, INC.

56. The previous paragraphs are incorporated into this Count as if set forth in full.

57. The act(s) and omission(s) of Southwest and their representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code §392.304a(5)&(8)&(14)&(17) are imputed to Travelers pursuant to Tex. Fin. Code § 392.102.

58. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Defendant Travelers.

## EXEMPLARY DAMAGES

59. Exemplary damages should be awarded against Southwest because the harm with respect to which Plaintiff seeks recovery of exemplary damages resulted from malice (which means that there was a specific intent by Southwest to cause substantial injury or harm to Plaintiff) and/or gross negligence (which means that Southwest's actions and/or omissions (i) when viewed objectively from Southwest's standpoint at the time of the acts and/or omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others and (ii) were such that Southwest had an actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others).

## JURY TRIAL DEMAND

60. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

61. Judgment in favor of Plaintiff and against Southwest as follows:

    a. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    b. Actual damages pursuant to 15 U.S.C. 1692k(a)(1); and

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

    d. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996);

    e.  Such other and further relief as the Court deems just and proper.

62. Judgment in favor of Plaintiff and against Southwest and Travelers jointly and severally, as follows:

    a.  Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

    b.  An injunction permanently enjoining Southwest following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code § 392.403(a)(1);

    c.  Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996);

    d.  Reasonable attorneys fees and costs pursuant to Tex. Fin. Code § 392.403;

    e.  Such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE WOOD FIRM, PLLC

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
ArkBN: 2006164
14524 Cantrell Rd.
Suite 140 – PMB 208
Rockwall, TX 75087
TEL: 682-651-7599
FAX: 888-598-9022
EMAIL: jeff@mmlaw.pro
*Attorney for Plaintiff*